Treskas v Style & Care, Inc. (2025 NY Slip Op 01968)

Treskas v Style & Care, Inc.

2025 NY Slip Op 01968

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-01672
 (Index No. 709446/18)

[*1]Omorfoula Treskas, respondent-appellant, Maria Treskas, respondent, 
v
Style & Care, Inc., et al., defendants, Persi Contracting Corp., appellant- respondent (and a third-party action).

Gallo Vitucci Klar LLP, New York, NY (Stephen A. Hoffman and Sean R. Hutchinson of counsel), for appellant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Persi Contracting Corp. appeals, and the plaintiff Omorfoula Treskas cross-appeals, from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 7, 2021. The order, insofar as appealed from, granted that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Michael Persichilli as a defendant and to add causes of action alleging violations of Lien Law article 3-A and breach of trust against the defendant Persi Contracting Corp. and Michael Persichilli. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Michael Persichilli as a defendant and to add causes of action alleging violations of Lien Law article 3-A and breach of trust against the defendant Persi Contracting Corp. and Michael Persichilli is denied, and so much of an order of the same court entered June 30, 2021, as, upon reargument, adhered to the determination in the order entered January 7, 2021, granting that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Michael Persichilli as a defendant and to add causes of action alleging violations of Lien Law article 3-A and breach of trust against the defendant Persi Contracting Corp. and Michael Persichilli is vacated.
This action arises from a home improvement project on certain real property located in Queens. The defendant Persi Contracting Corp. (hereinafter Persi) moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. The plaintiffs cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Michael Persichilli, Persi's alleged owner, as a defendant and to add causes of action alleging violations of Lien Law article 3-A and breach of trust against Persi and Persichilli based upon alleged misappropriation of payments made to them by the defendants CSPN Builders, Inc., and CSPN Paliuras Construction Corp. (hereinafter together the CSPN defendants). In an order entered January 7, 2021, the Supreme Court, among other things, granted Persi's motion to dismiss the amended complaint insofar as asserted against it and granted that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Persichilli as a [*2]defendant and to add causes of action alleging violations of Lien Law article 3-A and breach of trust against Persi and Persichilli. Persi appeals from so much of the order as granted that branch of the plaintiffs' cross-motion.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853; see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986).
Here, the proposed causes of action alleging violations of Lien Law article 3-A and breach of trust against Persi and Persichilli were patently devoid of merit. The plaintiff Omorfoula Treskas, the owner of the property during the relevant time period, failed to allege that she contracted with or made any payments to Persi and Persichilli (see id. §§ 71[2][f]; 71-a[4][a]). Omorfoula Treskas did not possess a Lien Law trust claim for money that the CSPN defendants, as contractors, paid to the downstream subcontractor Persi.
"Prior to 1988, owners were not included as beneficiaries of trust funds under the Lien Law and, therefore, did not have a trust claim. However, the Legislature amended the Lien Law in 1987 . . . to protect consumers who contract for home improvements. . . . As a result of these amendments, trust claims were extended to include claims of owners to funds advanced by them to contractors for the construction of home improvements. Consequently, . . . a home owner has a valid trust claim against the moneys advanced by the owner for a home improvement" (Stern v H. Dimarzo, Inc., 19 Misc 3d 1144[A], 2008 NY Slip Op 51163[U], *20 [Sup Ct, Westchester County] [citations and internal quotation marks omitted]).
Lien Law § 71-a, entitled "Further trust of funds received or receivable by owner under executory contract for the sale and improvement of real property," provides, in relevant part, that "[u]nder a home improvement contract, payments received from an owner by a home improvement contractor prior to the substantial completion of work under the contract shall be deposited within five business days thereafter by the recipient in an escrow account in a bank . . . . Such deposit or deposits shall remain the property of such owner except as otherwise provided herein" (id. § 71-a[4][a] [emphasis added]). A home improvement contract is defined under Lien Law article 3-A as "an agreement for the performance of home improvement, between a home improvement contractor and an owner" (General Business Law § 770[6]; see Lien Law § 70[8]). Here, there was no allegation of a contract between Omorfoula Treskas and Persi, and no allegation that Persi received funds directly from Omorfoula Treskas.
Since the proposed second amended complaint did not allege that Persi received money from Omorfoula Treskas, there was no Lien Law violation alleged against Persi and its principal, Persichilli. The allegations that Persi negligently performed the work were not a violation of the Lien Law (see 320 W. 115 Realty LLC v All Bldg. Constr. Corp., 194 AD3d 511).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Persichilli as a defendant and to add causes of action alleging violations of Lien Law article 3-A and breach of trust against Persi and Persichilli.
In light of our determination, we need not reach Persi's remaining contentions.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court